81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert LEE, Jr., Plaintiff-Appellant,
v.
Terry AUSTIN, Defendant-Appellee.
 No. 95-1399.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1996.
 
 1
 Before: NELSON and SILER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Robert Lee, Jr., a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit which he filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Lee sued a hearings officer employed at the Michigan Reformatory in Ionia, Michigan, in his individual capacity. Lee claimed that defendant Austin interfered with his right to due process under the Fourteenth Amendment when Austin did not interview him or collect certain relevant documents and witness statements before Lee's administrative segregation hearing was held in September of 1993. Thus, Lee claims that he was placed in administrative segregation without being afforded adequate due process.
 
 
 4
 Upon consideration of a magistrate judge's report and recommendation to grant the defendant's motion for summary judgment, the district court granted summary judgment in favor of the defendant and dismissed the complaint. On appeal, Lee reasserts the claims presented to the district court and moves this court for the appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment to the defendant, because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993).
 
 
 6
 Lee has not stated a due process claim cognizable under § 1983. Lee had no liberty interest in remaining free from administrative segregation, because he has not shown that this condition imposed "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Lee's restrictions in administrative confinement mirrored conditions of other forms of completely discretionary confinement; the restrictions did not significantly disrupt Lee's environment, based on a comparison between the conditions for inmates in administrative segregation and those outside of administrative segregation; and the state's action did not affect the duration of Lee's sentence. See Sandin, 115 S.Ct. at 2301-02. Thus, Lee did not possess a liberty interest in remaining free from administrative segregation. Moreover, even if Lee could establish a liberty interest, he received all the process due him under the mandates set forth in Hewitt v. Helms, 459 U.S. 460, 468 (1983).
 
 
 7
 Accordingly, Lee's motion for the appointment of counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation